UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-mj-03845 Goodman

UNITED STATES OF AMERICA

vs.

RICARDO RAFAEL RIVAS-RODRIGUEZ,
DANIEL ANDRADE FUENTE, FELIX RODRIGUEZ, and
RAMON MONTANO LUGO,

    **Defendants.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? __ Yes  X  No

Respectfully submitted,
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _/s/ Richard E. Getchell_____
RICHARD E. GETCHELL
Assistant United States Attorney
FLA. BAR NO. 817643
11200 N.W. 20th Street
Miami, Florida 33172
(305) 715-7647
(786) 564-9126 (cell)
richard.getchell@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Ricardo Rafael RIVAS-RODRIGUEZ, et al.,<br><br>*Defendant(s)* | Case No. 21-mj-03845 Goodman |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __Sept. 12, 2021__, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506 (b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA S/A ALEC M. SANCHEZ
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 09/15/2021

*Judge's signature*

City and state: Miami, Florida        Jonathan Goodman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alec M. Sanchez, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Drug Enforcement Administration (DEA) Special Agent, of which I have been since 2018. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted andparticipated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics- trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation,communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of theinformation known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause that **Ricardo Rafael RIVAS-Rodriguez ("RIVAS"), Daniel Andrade FUENTE ("FUENTE"), Felix RODRIGUEZ ("RODRIGUEZ"), and Ramon Montano LUGO ("LUGO")** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the

1

jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

## PROBABLE CAUSE

4. On or about September 12, 2021, while on patrol in the Caribbean Sea, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 132 nautical miles south of Isla Beta, Dominican Republic (DR) in international waters and upon the high seas. The GFV had four persons on board (POB), two outboard motors, and no visible indicia of nationality. United States Coast Guard (USCG) Cutter RELIANCE was patrolling nearby and was diverted to intercept the GFV. USCG District 7 (D7) granted a Statement of No Objection (SNO) for a Right of Visit (ROV) boarding to stop a non-compliant vessel, including warning shots and disabling fire on the GFV, which was reasonably suspected of drug smuggling, displaying no indicia of nationality, and located in international waters. USCG RELIANCE located the GFV and launched it's over the horizon (OTH) small boat. When the OTH arrived in the vicinity of the GFV, the GFV began maneuvering erratically and the POB were observed pulling the boat plug to initiate a scuttle before coming dead in the water (DIW). The OTH boarding crew recovered 19 bales and took positive control of the GFV.

5. When asked by the USCG boarding team, the four individuals on the GFV claimed Venezuelan nationality for themselves, but no nationality for the vessel. At this time, D7 granted authorization to treat the vessel as one without nationality, and therefore, subject to the jurisdiction of the United States, and for the BT to conduct a full law enforcement boarding to enforce U.S. laws.

6. The four individuals aboard the GFV were taken aboard the OTH and identified as **Ricardo Rafael RIVAS-Rodriguez ("RIVAS"), Daniel Andrade FUENTE ("FUENTE"), Felix RODRIGUEZ ("RODRIGUEZ"), and Ramon Montano LUGO ("LUGO")** all Venezuelan nationals. The Master of the vessel was subsequently identified to be **RIVAS**. The GFV capsized overnight due to the boat plug being pulled, despite efforts by the USCG RELIANCE to keep the water from intruding.

7. Two narcotics identification kit (NIK) tests were performed on the bales which had been recovered

from the GFV and yielded positive results for the presence of cocaine. The at-sea weight of the 19 bales was approximately 595 kilograms. Based on my training and experience and that of other officers involved in this investigation, I know that maritime smugglers transporting large quantities of cocaine intend to distribute the contraband to others at the end of their journey.

## CONCLUSION

8.  Based upon the information provided above, I respectfully submit probable cause exists to believe **RIVAS, FUENTE, RODRIGUEZ, and LUGO** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

**FURTHER AFFIANT SAYETH NAUGHT**

_____
SPECIAL AGENT ALEC M. SANCHEZ
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this __15th__ day of September, 2021.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

3